certify the correctness of the case upon such stipulation, thus saving the work of comparing the proposed return with the papers on file in his office. The same method applies to appeals from orders which require no case to be made for settlement, but are heard upon the papers used on the hearing of the motion. The clerk must compare the papers offered for certification with those on file in his office and certify as to their correctness, unless the parties or their attorneys stipulate that the papers composing the proposed return are correct copies of those on file and used upon the hearing of the motion, in which event the clerk may certify to their correctness without making a comparison.

If, however, on either an appeal from a judgment or order, no stipulation is made, the clerk must then compare and certify the papers. He can in no event refuse their proper certification, upon which this court must alone depend for the correctness of the record.

Motion to dismiss appeal denied.

---

In re E. I. DU PONT DeNEMOURS POWDER CO.

(Supreme Court, Appellate Division, First Department.   April 7, 1916.)

MUNICIPAL CORPORATIONS ⪪376—CONTRACTS—LIEN FOR MATERIALS—RECEIVERS' CERTIFICATES.

A corporation which accepted from the receiver of a municipal contractor, to whom it had furnished materials, receivers' certificates for the amount due it, which were made a first lien on the funds due from the city, and which thereupon released its mechanic's lien against these funds, has no separate lien on any portion of the funds, which it can protect by filing a notice of lien claim.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 911–913; Dec. Dig. ⪪376.]

Appeal from Special Term, New York County.

Application by E. I. Du Pont DeNemours Powder Company for an order continuing a mechanic's lien filed against the Thomas McNally Company. From an order denying a motion to vacate the order continuing the lien, Benjamin B. Odell, Jr., as receiver of the Thomas McNally Company, appeals. Reversed, and motion to vacate granted.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Max L. Schallek, of New York City, for appellant.
James A. Hughes, of New York City, for respondent.

SMITH, J. This Du Pont Powder Company furnished material to the McNally Company, which was used by the McNally Company in constructing the new Catskill aqueduct for the city of New York. The value of such material was upwards of $7,000. On December 1, 1908, the Du Pont Company filed with the comptroller a notice of

mechanic's lien covering the moneys due to the McNally Company. Thereafter the McNally Company became insolvent, and the appellant here, together with one William E. Paine, were appointed receivers. Upon application to the court these receivers were authorized to issue $150,000 of receivers' certificates, which were made by the order a first lien upon all moneys due or to become due as retained percentages upon the said contract with the city. After the issue of the said certificates the said receivers settled with the said Du Pont Powder Company and gave to them certificates to the amount due upon their claim, and received from them a satisfaction of the mechanic's lien which they had filed against the moneys due under the McNally contract. The receivers thereupon completed the McNally contract, and a large amount of moneys remained due from the city to the receivers, which the city now refuses to pay. The refusal to pay said moneys is based upon a notice of lien filed by the said Du Pont Company on January 12, 1915, which purports to be a mechanic's lien filed to protect the claim of the Du Pont Company under the receivers' certificates, which they took in satisfaction of their original mechanic's lien, and upon which default had been made. This alleged lien was twice extended by ex parte orders of the court, and upon the third extension the receiver Odell, who had become sole receiver by reason of the death of Paine, moved to vacate such extension. This motion was denied, and from the order denying the motion this appeal has been taken.

It will be noticed that the claimed lien is upon 50 per cent. only of the retained percentages. This would seem to be the amount of said retained percentages applicable to the payment of the receivers' certificates, although the record is not explicit as to the reason why the claim is so limited. This fact, however, does not affect the questions here involved.

The application is to vacate an order extending a lien. It might well have been made to vacate the lien itself, because the right to vacate the order is based exclusively upon the invalidity of the lien, and if the lien be valid the respondent should prevail upon this appeal.

I am wholly unable to see any authority for the filing of this lien. This is not the original mechanic's lien filed under the statutes for the value of merchandise used in construction. That mechanic's lien was satisfied in consideration of the issuance by the receivers to the Du Pont Company of the receivers' certificates. We are referred to no authority which authorizes any holder of these receivers' certificates to file a lien in aid of his claim under those certificates. The moneys made applicable to the certificates, if thereafter received by the receiver, would be held by him in trust for the benefit of the certificate holders. The Du Pont Company needs no lien, unless the percentages thus applicable should be insufficient to pay all of the certificates, in which case the object of the lien could only be to secure preference in payment, which clearly would be both against the letter and the spirit of the order authorizing the issuance of the certificates and of the settlement between the Du Pont Company and the receivers.

Without authority, then, for the filing of the lien, the order extending the lien, as well as the original filing of the lien, is invalid, and should have been set aside.

The order here appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

